UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JIMMY BUCKMAN,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of social<br>Security,<br><br>　　　　　Defendant. | NO.  CV-04-3106-MWL<br><br>ORDER GRANTING DEFENDANT'S<br>MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-Motions for Summary Judgment, noted for hearing without oral argument on July 20, 2005. (Ct. Rec. 12, 16.) Attorney D. James Tree represents plaintiff; Special Assistant United States Attorney David J. Burdett represents defendant. The parties have consented to proceed before a magistrate judge. (Ct. Rec. 6.)  After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's  Motion for Summary Judgment (Ct. Rec. 16) and **DENIES** Plaintiff's  Motion for Summary Judgment (Ct. Rec. 12).

Plaintiff protectively filed an application for disability income benefits ("DIB") on August 10, 2001, alleging an onset date of June 21, 2002. (Tr. 168-72.) His claim was denied. After a hearing, Administrative Law Judge (hereinafter, "ALJ,") Verrell Dethloff denied benefits in a decision issued on August 28, 2003. (Tr. 25.)  The Appeals Council denied review. The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
- 1

**ADMINISTRATIVE DECISION**

The ALJ found that plaintiff had not engaged in substantial gainful activity after his alleged onset date of June 21, 2001. (Tr. 25.) The ALJ found that though plaintiff suffers from the severe impairment of cervical strain, status post anterior cervical fusion, impairments that are severe, his impairments do not meet or medically equal the Listings. (Tr. 25.) The ALJ found that plaintiff retains the residual functional capacity for light work limited to occasional reaching with his upper extremities, and that he is unable to do his past relevant work. (Tr. 25.) Relying on the testimony of a vocational expert, the ALJ found that plaintiff could perform jobs existing in significant numbers in the national economy, such as working as an order caller. (Tr. 26.) The ALJ found that Plaintiff was not disabled.

**STANDARD OF REVIEW**

The standard for review by this Court is set forth In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

> A district court's order upholding the Commissioner's denial of benefits is reviewed de novo. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner*, 169 F.3d 595, 599 (9th Cir. 1999).
> The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th

Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

## SEQUENTIAL PROCESS

Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C. § 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components.

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

<u>Step 1</u>: Is the claimant engaged in substantial gainful activities? 20 C.F.R 404.1520(a)(4)(i), 416.920(a)(4)(i). If so, benefits are denied. If not, the decision maker proceeds to step two.

<u>Step 2</u>: Does the claimant have a medically severe impairment or combination of impairments? 20 C.F.R. 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to step three.

<u>Step 3</u>: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. 404 Subpt. P, App. 1. If the impairment meets or equals a listed impairment, the claimant is conclusively presumed to be disabled. If the impairment does not meet or equal a listed impairment, the evaluation continues to step four.

<u>Step 4</u>: Does the impairment prevent the claimant from performing past relevant work? 20 C.F.R. 404.1520(a)(4)(iv),

416.920(a)(4)(iv). At this step, the decision maker determines the claimant's residual functional capacity. If the claimant can perform past relevant work, the claimant is not disabled. If the claimant cannot perform past work, the decision maker continues to step five.
<u>Step 5</u>: Is the claimant able to perform other work in the national economy considering age, education, work experience and residual functional capacity? 20 C.F.R. 404.1520(a)(4)(v), 416.920(a)(4)(v).

The claimant bears the initial burden of proving disability. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id.* (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)). At step five, the burden shifts to the Commissioner to show that (1) the claimant can perform other substantial gainful activity; and (2) a "significant number of jobs exist in the national economy" which claimant can perform. *Kail v. Heckler*, 722 F. 2d 1496, 1498 (9th Cir. 1984).

**ISSUES**

The general issue raised is whether there is substantial evidence to support the ALJ's decision to deny benefits and, if so, whether that decision was based on proper legal standards. The specific issues raised by the plaintiff are whether the ALJ properly evaluated the medical and lay evidence, and conducted a proper analysis at step five.

**ADMINISTRATIVE HEARING**

Plaintiff was 41 years old on the date of the hearing. He obtained a GED and has worked in the construction industry. (Tr. 181; 296.) He never sleeps more than 2 hours at a time. (Tr. 214.) He has numbness in his hands most of the time. (Tr. 213.) He cannot reach above his head. (Tr. 213.) Plaintiff has to rest or prop his neck every 30 minutes. (Tr. 297-98.) His activities include watching television. (Tr. 299.) Plaintiff drove to the hearing and went to Seattle twice in the last two years with his

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
- 4

wife to visit family, and made trips to Ellensburg. (Tr. 298-99.)

## ANALYSIS

### Evaluating medical opinions

Plaintiff sustained an injury while working when he struck his head against a beam on June 21, 2001. (Tr. 228; 240.) On the same date, Eric Strandberg, M.D., stated that plaintiff was "not released for work at this time" but that he should be reevaluated in four days. (Tr. 227-28.) An x-ray of plaintiff's cervical spine taken on June 22, 2001 revealed probable muscle spasm. (Tr. 232.) Plaintiff saw treating physician Judith Page, D.O., on August 13, 2001. (Tr. 234.) Dr. Page noted plaintiff complained of increasing pain and stiffness in his neck. He told her that he quit physical therapy because it aggravated his symptoms. Dr. Page told plaintiff that she wanted him to continue physical therapy. (Tr. 234.)

Plaintiff alleges that the ALJ erred by failing to properly credit the opinions of his treating and examining physicians. (Ct. Rec. 13 at 17.) Specifically, plaintiff alleges that the ALJ erred by rejecting the January of 2002 opinion of treating physician Norman Moss, M.D., that plaintiff would be unable to do any work at least until after his surgery. (Ct. Rec. 13 at 17.) The Commissioner responds that the ALJ properly found that Dr. Moss's recommendation for vocational retraining without assignment of any restrictions after this surgery indicated that plaintiff was able to work. (Ct. Rec. 17 at 6-7.) The Commissioner also notes that the ALJ properly relied on the opinion of another treating physician, Judith Page, D.O., who earlier, on July 23, 2001, had released plaintiff for light work and opined that he could lift up to 25 pounds and needed

1  to avoid repetitive over the shoulder work. (Ct. Rec. 17 at 7, Tr.
2  234.)

3     Dr. Page noted that she released plaintiff for light duty work
4  about a month after the accident, on July 23, 2001. By this she
5  meant that plaintiff could lift or carry no more than 25 pounds and
6  needed to avoid repetitive over the shoulder work. (Tr. 234-35.)
7  Plaintiff's employer did not have light duty work available. (Tr.
8  234.) Dr. Page reviewed plaintiff's MRI and noted no neurological
9  findings. Dr. Page found that a mild bulging disc was not clinically
10 significant. She advised plaintiff that he needed to push himself in
11 physical therapy in order to return to work without restrictions.
12 (Id.)

13     With respect to Dr. Moss's opinion in November of 2001 that
14 plaintiff could not work until after undergoing a C4-5 anterior
15 cervical fusion, the ALJ goes on to credit Dr. Moss opinion three
16 months later, after the surgery - that as of February 2, 2002,
17 plaintiff needed to begin vocational retraining. By September of
18 2002, Dr. Moss opined that plaintiff was "piddling around." Again,
19 in February of 2003, Dr. Moss recommended vocational retraining.
20 (Tr. 19.)

21     In a disability proceeding, the treating physician's opinion is
22 to be given special weight because of his familiarity with his
23 patient and his patient's physical condition. See *Fair v. Bowen*, 885
24 F. 2d 597, 604-05 (9th Cir. 1989). The opinion of an examining
25 physician may be rejected for "specific, legitimate reasons" that
26 are supported by substantial evidence in the record. *See Andrews v.*
27 *Shalala*, 53 F. 3d 1035, 1043 (9th Cir. 1995). An ALJ may not
28

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
- 6

discredit the opinion of an examining physician based solely on the opinion of a consulting physician. *Lester v. Chater*, 81 F. 3d 821, 831 (9th Cir. 1990)(citation omitted). The opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of either an examining or a treating physician's opinion. *Lester v. Chater,* 81 F. 3d 821*,* 831 (9th Cir. 1995), citing *Pitzer v. Sullivan*, 908 F. 2d 502, 506 n. 4 (9th Cir. 1990). The opinion of a non-examining physician may constitute substantial evidence if it is supported by and consistent with other evidence. *Andrews,* 53 F. 3d at 1043; *Lester,* 81 F. 3d at 830-31. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Edlund v. Massanari*, 253 F. 3d 1151, 1156 (9th Cir. 2001).

Giving the deference due to a treating physician, as well as the results of the objective evidence (the MRI), the ALJ properly credited the opinion of treating physician Dr. Page that as of July 23, 2001, (six months after the alleged date of onset) plaintiff was able to do a wide range of light work. (Tr. 18.)

The record clearly supports the weight that the ALJ assigned to the opinions of Drs. Page and Moss on various dates after the alleged date of onset. Neither treating physicians' opinion supports finding twelve consecutive months of disability as required.

### 2. Weighing Lay Testimony

Plaintiff alleges that the ALJ failed to properly consider the lay testimony of plaintiff's wife. (Ct. Rec. 13 at 18-20.) The Commissioner replies that the ALJ considered and properly discounted this testimony because it conflicted with the medical opinions of

treating physicians Moss and Page, and with consulting physician Dr. Stanley. (Ct. Rec. 17 at 7-8.)

The ALJ observed that plaintiff' wife opined that he is in constant pain. (Tr. 21.) This is inconsistent, however, with the opinions of his treating physicians' that he is physically capable of performing a range of light work. It is also inconsistent with the objective evidence, including an MRI taken after the second surgery, showing no nerve involvement, as well as physical examinations revealing good reflexes, strength, and range of motion.

The ALJ determined for the same reasons that plaintiff's complaints of hand numbness, the need for nearly constant neck support, and an inability to sit, stand or walk for more than five minutes are not completely credible. (Tr. 20.) Plaintiff is correct that the ALJ erred by finding nothing in the record to support plaintiff's allegation that he experienced hand numbness. The record shows that plaintiff made this complaint a number of times. The ALJ's error is irrelevant, however, because no doctor opined that plaintiff has any hand limitations. (Id.) The ALJ's determinations are supported by clear and convincing evidence and are germane to the witness's testimony. Accordingly, the ALJ's weighing of the lay testimony must be affirmed. *See Lewis v. Apfel*, 236 F. 3d 503, 511 (9th Cir. 2001); *Smollen v. Chater*, 80 F. 3d 1273, 1288 (9th Cir. 1999).

### 3. Step Five Analysis

Plaintiff alleges that the ALJ gave an incomplete hypothetical to the vocational expert ("VE") creating error at step five. (Ct. Rec. 13 at 15.) The error alleged is that the VE identified only one

1 job plaintiff could perform, that of order taker. This job requires
2 handling, fingering and head movement which would be incompatible
3 with plaintiff's medically established limitations. (Id.) The
4 Commissioner responds that, because the ALJ's hypothetical included
5 all impairments supported by substantial medical evidence, the step
6 five analysis must be affirmed. (Ct. Rec. 17 at 8-9.)

7 If an ALJ's hypothetical includes all of a plaintiff's
8 medically determinable limitations, then the ALJ's decision based on
9 the answer to the hypothetical is supported by substantial evidence.
10 *See Osenbrock v. Apfel*, 240 F. 3d 1157 (9th Cir. 2001). As noted,
11 limited handling, fingering and head movement are not work
12 limitations assessed by any of plaintiff's physicians. His only
13 limitation (other than not lifting more than 25 pounds) is that he
14 cannot reach overhead excessively. The job of call taker does not
15 include excessive overhead reaching. Accordingly, the ALJ's
16 hypothetical included all of plaintiff's medically determinable
17 limitations.

18 Plaintiff is correct that the ALJ erred by finding that
19 plaintiff complained of chin, not hand, numbness. (Tr. 175, 200.) As
20 noted, no medical evidence supports limitations with respect to
21 plaintiff's complaints of hand numbness. The ALJ omitted hand
22 numbness from the hypothetical, but failing to include a limitation
23 that is not supported by medical evidence is not error.

24 With respect to plaintiff's contention that identifying a
25 single job is somehow erroneous, plaintiff is mistaken. At least one
26 occupation is sufficient to support a finding that a claimant is not
27 disabled. 20 C.F.R. § 416.966(b).

28

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT
- 9

1 | The record supports the ALJ's determination.

**CONCLUSION**

1. Plaintiff's Motion for Summary Judgment (Ct. Rec. 12) is **DENIED.**

2. Defendant's Motion for Summary Judgment (Ct. Rec. 16) is **GRANTED.**

3. Any application for attorney fees may be filed by separate Motion.

4. The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file **CLOSED.**

**DATED** this 19th day of August, 2005.

s/ Michael W. Leavitt

MICHAEL W. LEAVITT
UNITED STATES MAGISTRATE JUDGE