UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JIMMY BUCKMAN,<br><br>            Plaintiff,<br><br>v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security,<br><br>            Defendant. | No.  04-CV-3106-MWL<br><br>ORDER GRANTING PLAINTIFF'S<br>MOTION TO AMEND JUDGMENT AND<br>REMANDING FOR AN IMMEDIATE<br>AWARD OF BENEFITS |

    Before the court is Plaintiff's motion to amend its judgment pursuant to Federal Rule of Civil Procedure (FRCP) 59(e).  (Ct. Rec. 22).  The parties have consented to proceed before a magistrate judge.  (Ct. Rec. 6).  Defendant did not respond to Plaintiff's motion to amend, even after she was contacted by Court staff regarding the instant motion.  After considering the Plaintiff's motion and memorandum, the court **GRANTS** Plaintiff's motion and remands the matter to the Commissioner for an immediate award of benefits.

I.   Background

    On August 19, 2005, this court entered an order granting Defendant's Motion for Summary Judgment and denying Plaintiff's Motion for Summary Judgment.  (Ct. Rec. 20).  The court held,

ORDER FOR STIPULATED REMAND - 1

among other things, the ALJ's determination at step five was supported by the evidence of record. (Ct. Rec. 20, p. 10). Plaintiff requests the court amend its judgment pursuant to FRCP 59(e) because the ALJ based his step five finding on a clear error made by the testifying Vocational Expert (VE). (Ct. Rec. 23-1, p. 11). Therefore, the court's affirmation of the ALJ decision should be reconsidered in light of the VE's manifest clerical error.

The ALJ found Plaintiff had the residual functional capacity to perform "light" work "not requiring lifting and carrying more than 20 pounds occasionally and 10 pounds frequently, sitting more than six hours in an eight hour day and standing and/or walking more than six hours in an eight hour day. Additionally the claimant is limited to <u>occasional reaching with his upper extremities</u>." (Tr. 23)(Emphasis added). When asked by the ALJ if there were any jobs in the national economy that the Plaintiff could perform, the VE testified there was only one, that of Order Caller. After referring to his notes, the VE testified that this job required occasional reaching. Other unskilled, light work required frequent reaching. (Tr. 303-04.)

II.  ISSUES

The issues presented are: (1) whether the court should amend its judgment due to erroneous testimony by the VE, and (2) whether the case should be remanded to the Commissioner for an immediate award of benefits. Plaintiff contends the VE's mistake is error on the face of the evidence, and the Commissioner failed to meet her burden of identifying any job Plaintiff could perform. Defendant did not respond to Plaintiff's argument.

## III. DISCUSSION

Motions to amend or alter a judgment must be filed within 10 days of entry of the judgment. FRCP 59(e). Plaintiff timely filed his motion to alter the judgment. FRCP 6. A motion to amend or alter a judgment is appropriate to correct clear errors, to present newly discovered evidence, or to rectify an initial decision that was "manifestly unjust." *Circuit City Stores, Inc. v. Mantor*, 417 F.3d 1060 (9th Cir. 2005).

Plaintiff is not disputing the ALJ's residual functional capacity (RFC) determination. (Ct. Rec. 23-1, p. 3). Rather, he contends that the ALJ based his step five finding on VE testimony that is not supported by information in the *Dictionary of Occupational Title (DICOT),* which is considered the best source for how a job is generally performed. *See Pinto v. Massanari*, 249 F.3d 840, 846 (9th Cir. 2001) *(citations omitted).* Plaintiff also argues that even if the VE knowingly contradicted the *DICOT*, he did not provide the required testimony explaining an inconsistency with the *DICOT*. *Id.; see also SSR 00-4p*. In support of his argument, Plaintiff provides the court with a copy of the *DICOT* job description for Order Caller, *DICOT* number 209.667-014.[1] *DICOT* explicitly indicates that the physical demands of an Order Caller include "frequent reaching." Clearly the VE made an error in his testimony that Order Caller required only occasional reaching.

///

---

[1] The Commissioner did not respond to Plaintiff's Motion to Amend Judgment; therefore, the representations made in Plaintiff's Exhibit A are unrebutted.

ORDER FOR STIPULATED REMAND - 3

Since the ALJ determined that Plaintiff was limited to only occasional reaching with his upper extremities, it is apparent that Plaintiff is incapable of performing the demands of the job of Order Caller. Moreover, because Order Caller is the only position previously identified as one which Plaintiff could perform, and Plaintiff cannot perform this job, there are no other positions in the national economy which Plaintiff can perform. As a result, the ALJ's step five finding is not based on substantial evidence and Defendant has not met her step five burden. *See Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

The decision to remand a case for an immediate award of benefits is within the discretion of the court. *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987). The Plaintiff has shown the VE's erroneous testimony renders the ALJ's step five finding unsupported by substantial evidence. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion to Amend Judgment (**Ct. Rec. 22**) is **GRANTED** for the reasons discussed above.

2. The court's Order Granting Defendant's Motion for Summary Judgment and Judgment in favor of Defendant (**Ct. Rec. 20, 21**) are **REVERSED.** Defendant's Motion for Summary Judgment (**Ct. Rec. 16**) is **DENIED.**

3. Plaintiff's Motion for Summary Judgment is **GRANTED** (**Ct. Rec. 12**). The case is remanded to the Commissioner for an immediate award of benefits.

4. Judgement for the Plaintiff shall be entered. An application for attorney fees may be filed by separate motion.

///

ORDER FOR STIPULATED REMAND - 4

1      5.   The District Court Executive is directed to enter this Order, forward copies to counsel, and close this file.

    DATED this 19th day of October, 2005.

                                      s/MICHAEL W. LEAVITT
                            UNITED STATES MAGISTRATE JUDGE

ORDER FOR STIPULATED REMAND - 5